UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**JOSEPH ANTHONY DANIEL**            **CIVIL ACTION NO. 6:16-CV-01073**
        **(A035186189)**
**VS.**                              **SECTION P**

                                     **JUDGE REBECCA F. DOHERTY**

**US ATTORNEY GENERAL, ET AL**       **MAGISTRATE JUDGE WHITEHURST**

REPORT AND RECOMMENDATION

Before the court is the petition for writ of habeas corpus (28 U.S.C. §2241) filed by pro se petitioner Joseph Anthony Daniel on July 6, 2016. Daniel is an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement (DHS/ICE). He is presently detained at the LaSalle Detention Facility, awaiting his removal to Grenada.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

*Procedural History*

Petitioner is a native and citizen of Grenada. He entered the United States in 1978, at the age of ten years old. [Rec. Doc. 1, p.4] He was employed by the United States Postal Service whereby, on February 16, 1989, he took an "Oath of Office," showing allegiance, before an Immigration officer and was registered for Selective Service. [Rec. Doc. 1, p. 5] He has been convicted in Miami- Date County, Florida, on three separate counts of possession of cocaine: (1) September 20, 2002, Case No. F02025925; (2) August 31, 207, Case No. F07027725; and (3) August 14, 2009, Case No. F09024377. [Rec. Doc. 1, p. 5] Subsequent to these arrests, on February 2, 2012, petitioner was administratively arrested by DHS/ICE and detained at LaSalle Detention Center, Jena,

Louisiana. *Id.* at p. 12.  On March 22, 2012, he was ordered removed by an Immigration Judge.  *Id.* On or about Aril 16, 2012, he filed an appeal to the Board of Immigration Appeals (BIA) explicitly challenging his "custody status" and his appeal was dismissed on June 26, 2012.

He filed the instant petition and motion on July 6, 2016.  Petitioner claims that he is a United States national, owing permanent allegiance to the country.  He claims that he is not "arrestable, seizable, nor detainable." [Rec. Doc. 1, p. 23]   He claims that his removal is a deprivation of his constitutionally protected rights.

### *Law and Analysis*

The Real ID Act of 2005, P.L. 109-13, 2005 HR 1268, 119 Stat. 231, enacted on May 11, 2005, divested the United States District Courts of jurisdiction over petitions for *habeas corpus* relief challenging  final orders of removal. Section 106 of the REAL ID Act (codified at 8 U.S.C. § 1252), provides:

> (5) Exclusive Means of Review - Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act....

The "appropriate court of appeals"  is "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." INA, § 242(b)(2), 6 U.S.C. § 1252(b)(2).

The REAL ID Act also provided that "the district court shall transfer ... to the court of appeals" any case "challenging a final administrative order of removal" that is "pending in a district court on the date of the enactment" of the REAL ID Act – May 11, 2005. REAL ID Act of 2005,

Pub.L. No. 109-13, § 106(c), 119 Stat. 231 (2005).

The instant petition falls within the meaning of the REAL ID Act, § 106(b), INA, § 242(a)(5), as amended, 8 U.S.C. § 1252(a)(5), because it seeks review of an order of removal.  This court lacks jurisdiction to review the merits of the petition.  Accordingly, Daniel's habeas petition should be transferred to the Fifth Circuit Court of Appeals.

Therefore,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be transferred to the Fifth Circuit Court of Appeals.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers at Lafayette, Louisiana, November 29, 2016.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE